## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**PERRY A. WILCOX,**

      Petitioner,

v.

**EUGENE CALDWELL,** *et al.*,

      Respondents.

Case No. 21–cv–11623–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on petitioner Perry A. Wilcox's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Amended Petition) (ECF No. 9); supplement to the Amended Petition (Supplement) (ECF No. 26); and his two motions for the appointment of *pro bono* counsel (Motions) (ECF Nos. 28, 31.)  Respondents Eugene Caldwell and Becky Scott oppose the Amended Petition and Motions.  (ECF Nos. 16, 29, 32.)  For the following reasons, I find that the Amended Petition's challenges to the conditions at the Cumberland County Jail (Cumberland Jail) are moot.  I will deny the Supplement and Motions.  I will deny a certificate of appealability.

    **I.**    **FACTS AND PROCEDURAL HISTORY**

    Petitioner submitted his original habeas corpus petition on May 21, 2021 (Petition).  (ECF No. 1.)  The Petition did not contain any facts and merely referred the Court to a pending civil rights action against the Cumberland Jail, *Wilcox v. Cumberland County Freeholders*, No. 21–00039 (D.N.J. filed Jan. 4, 2021).  (*Id.* p. 6.)  District Judge Robert B. Kugler administratively terminated the Petition and ordered petitioner to submit an amended petition containing all of his legal arguments and factual allegations.  (ECF No. 4.)  Petitioner submitted the Amended Petition on September 30, 2021.  (ECF No.

9.)  The case was reassigned to District Judge Noel L. Hillman on January 6, 2022.  (ECF No. 12.)  Judge Hillman reviewed the Amended Petition and ordered respondents to answer petitioner's allegations that the conditions at the Cumberland Jail during the COVID–19 pandemic amounted to unconstitutional punishment and required petitioner's release.  (ECF No. 12 pp. 13, 14.)  Judge Hillman summarily dismissed all other claims as being duplicative of petitioner's civil rights complaint and for failure to state a claim for habeas relief.  (*Id.* p. 14.)  Respondents filed their answer on March 18, 2022.  (ECF No. 16.)

On January 18, 2024, petitioner submitted the Supplement to the Amended Petition.  (ECF No. 26.)  He filed a motion for the appointment of *pro bono* counsel, arguing that he was under the impression that a new habeas proceeding would be opened in the Newark Vicinage.  (*Id.*)  Respondents opposed the motion.  (ECF No. 29.)  Petitioner filed a second motion for *pro bono* counsel on April 25, 2024.  (ECF No. 31.)  Respondents opposed that motion as well.  (ECF No. 32.)

## II.  LEGAL STANDARDS

### A.  Habeas Corpus Petition

Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pre–trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Moore v. De Young*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241(c)(3)).  "[F]ederal courts, including the Third Circuit, have condoned conditions of confinement challenges through habeas."  *Thakker v. Doll*, 451 F. Supp. 3d 358, 363–64 (M.D. Pa. 2020); *see also Hope v. Warden York County Prison*, 972 F.3d 310, 323–24 (3d Cir. 2020).

### B.  Motion for *Pro Bono* Counsel

The decision to appoint *pro bono* counsel involves a two-step analysis.  First, a court must determine as a threshold matter whether the party's claim

has "some merit in fact and law."  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  If a court finds that the action arguably has merit, it should then consider the following factors (Tabron factors):

>(1) the [party's] ability to present his or her own case;
>
>(2) the complexity of the legal issues;
>
>(3) the degree to which factual investigation will be necessary and the ability of the [party] to pursue such investigation;
>
>(4) the amount a case is likely to turn on credibility determinations;
>
>(5) whether the case will require the testimony of expert witnesses; and
>
>(6) whether the [party] can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n. 5).  This list of factors is not exhaustive, nor is any one factor determinative.  *Id.* at 458.

### III. DISCUSSION

#### A. <u>Conditions of Confinement Challenges</u>

Judge Hillman allowed the Amended Petition to proceed only on petitioner's allegations that the conditions of confinement at the Cumberland Jail violated petitioner's due process rights and required his release.[1]  (ECF No. 12 pp. 13, 14.)  However, petitioner has been transferred from the

---

[1] Petitioner states this language is a finding by Judge Hillman that the Cumberland Jail in fact violated his due process rights.  (ECF No. 26 p. 7).  Judge Hillman's opinion and order only limited the scope of the answer to the conditions of confinement claims and did not make a finding on the merits of petitioner's claims.  (ECF No. 12 pp. 13, 14.)

3

Cumberland Jail to the Hudson County Jail (Hudson Jail) since he filed the Amended Petition. (ECF No. 24.)

Under Article III of the Constitution, federal courts only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The parties must continue to have a personal stake in the outcome of the lawsuit." *Id.* at 478 (internal quotation marks omitted). "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it." *Williams v. New Jersey*, No. 18–14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020). "An action becomes moot when '(1) there is no reasonable expectation that the alleged events will recur ... and (2) interim relief or events have completely eradicated the effects of the violation.'" *Ames v. Westinghouse Electric Corp.*, 864 F.2d 289, 291–92 (3d Cir. 1988) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (omission in original).

A change in custodial location after a § 2241 petition was filed would usually not divest the Court of § 2241 jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Gorrell v. Yost*, 509 F. App'x 114, 118 (3d Cir. 2013). In this case, however, the Court "loses Article III jurisdiction because [p]etitioner has functionally obtained the relief he requested by virtue of the fact that he is no longer being detained in the" Cumberland Jail. *Ford v. Caldwell*, No. 20–12655, 2023 WL 4248813, at *3 (D.N.J. June 29, 2023). Petitioner "is no longer subject to the allegedly unconstitutional conditions of confinement at" the Cumberland Jail after his transfer. *Id.* "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003), *as amended* (May 29, 2003) (citing *Abdul–Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993)); *see also Mayon*

4

*v. Capozza*, No. 2:14–CV–01203, 2015 WL 4955397, at \*5 (W.D. Pa. Aug. 19, 2015) ("A prisoner's transfer or release from prison moots his claims for declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.").

I find that the Amended Petition is now moot because petitioner is no longer confined in the Cumberland Jail. The Amended Petition will be dismissed.

### B. Challenges to criminal proceedings

The Supplement raises challenges to the criminal charges pending against petitioner in Cumberland County and his continued confinement in the Hudson Jail. (ECF No. 26.) He raises claims of selective prosecution (*Id.* p. 33), due process and *Brady v. Maryland*, 373 U.S. 83 (1963) violations (*id.* p. 35), false arrest and imprisonment (*id.* p. 39), excessive force (*id.* p. 40), supervisory liability of the Vineland Police Department (*id.* p. 41), legal malpractice (*id.* p. 43), municipal liability of the City of Vineland (*id.* p. 48), deliberate indifference (*id.* p. 49), violations of the Sixth and Fourteenth Amendments for transferring him to the Hudson Jail while facing criminal charges in Cumberland County (*id.* p. 51), and state created danger (*id.* p. 54). He asks the Court to "intervene to address such issues." (*Id.* p. 75.) He also asks the Court to release him from custody, issue "proper & fair fact finding in regard to issues of all indictments," disqualify the assistant prosecutor in his criminal case, and change the venue of his criminal trial to Camden County. (*Id.* p. 8.)

First, I find that petitioner will not be prejudiced by having the Supplement considered in connection with the Amended Petition. The Supplements relies on petitioner's detainment at the Cumberland Jail as one reason the charges should be dismissed, (*id.* pp. 6,7), so it makes sense as a matter of judicial economy to consider it in tandem with the Amended Petition. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting courts have inherent

power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")

Second, I find that the exercise of federal habeas jurisdiction over the claims made in the Supplement is not appropriate at this time. District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

Petitioner has not exhausted his claims in the state courts. "To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was 'fairly presented' to the state courts." *Green v. Piazza*, No. 1:11–CV–01456, 2011 WL 3739356, at *3 (M.D. Pa. Aug. 23, 2011) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Petitioner presented some arguments to the judge presiding over his criminal trial, (ECF No. 27 p. 3), but there is no indication that he fairly presented each of his arguments to the trial court, the New Jersey Superior Court, Appellate Division, and the New Jersey Supreme Court. Petitioner's attempt to obtain an order from the New Jersey Superior Court, Civil Division (Civil Division) changing the venue of his trial to Hudson County and disqualifying the Cumberland County prosecutor does not counts towards exhaustion. (ECF No. 26–1 pp. 5, 22.) The Civil Division rejected the suit because "plaintiff seeks relief that cannot be granted" in a civil action and should have been filed in petitioner's criminal case. (*Id.* p. 7.) Petitioner's fee arbitration action and ethics complaint also do not constitute

exhaustion for habeas purposes. (*Id.* pp. 41, 71.) I therefore find that petitioner has not exhausted the claims in the Supplement.

"'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Moore v. De Young*, 515 F.2d 437, 442 (3d Cir. 1975) (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held … should be appealed to in the first instance." *Id.* at 442–43 (internal quotation marks and citations omitted). As petitioner has not exhausted his claims, I decline to exercise this Court's pre-trial habeas jurisdiction unless there are extraordinary circumstances.

"[I]nvocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of the state forum to afford an adequate remedy at law." *Id.* at 448 (internal citation omitted). Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). The Third Circuit has held in other pre-trial habeas actions that requiring defendants to "undergo the rigors of trial" does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies. *Moore,* 515 F.2d at 446. After reviewing the Supplement and accompanying exhibits, (ECF No. 27), I conclude that there are no extraordinary circumstances warranting federal intervention in petitioner's state criminal case at this time.

Petitioner has not shown that the state courts cannot address his constitutional claims in the first instance, nor has he shown that his allegations

7

of ineffective assistance of counsel and prosecutorial misconduct are so unique as to justify federal intrusion. He will have an opportunity to raise his challenges to his arrest, indictment, as well as his due process claims "during his state trial and in any subsequent appellate proceedings in the state courts." *Moore*, 515 F.2d at 449. "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Id.*

As petitioner has not shown extraordinary circumstances warranting federal intervention at this time, the Supplement will be dismissed without prejudice to petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[2]

### C. Motions for Counsel

Petitioner requests the appointment of *pro bono* counsel to represent him in these § 2241 proceedings. (ECF Nos. 28, 31.) I will deny the Motions because the Amended Petition and Supplement are being dismissed.

### D. Certificate of Appealability

To the extent a certificate of appealability is required, I decline to issue one. Reasonable jurists would agree that the Amended Petition is moot, that petitioner failed to exhaust his state court remedies before filing the Supplement, and that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] I make no findings as to whether any forthcoming habeas corpus petition has otherwise met the requirements of § 2254.

## IV. CONCLUSION

For the reasons stated above, I will deny the Amended Petition as moot, (ECF No. 9), and deny the Supplement as unexhausted, (ECF No. 29.)  I will also deny the motions for counsel.  (ECF Nos. 28, 31.)  I will deny a certificate of appealability.  An appropriate Order accompanies this Opinion.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated: May 28, 2024