# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PERRY A. WILCOX,**<br><br>Petitioner,<br><br>v.<br><br>**EUGENE CALDWELL,** *et al.*,<br><br>Respondents. | Case No. 21–cv–11623–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

  **THIS MATTER** is before the Court on petitioner Perry A. Wilcox's motion for reconsideration of the Court's order dismissing his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Motion). (ECF No. 35.) Respondents Eugene Caldwell and Becky Scott oppose the Motion. (ECF No. 37.) For the following reasons, I will deny the Motion.

  **I. FACTS AND PROCEDURAL HISTORY**

  Petitioner submitted his original habeas corpus petition on May 21, 2021 (Petition). (ECF No. 1.) The Petition did not contain any facts and merely referred the Court to a pending civil rights action against the Cumberland County Jail (Cumberland Jail), *Wilcox v. Cumberland County Freeholders*, No. 21–00039 (D.N.J. filed Jan. 4, 2021). (*Id.* p. 6.) District Judge Robert B. Kugler administratively terminated the Petition and ordered petitioner to submit an amended petition containing all of his legal arguments and factual allegations. (ECF No. 4.) Petitioner submitted an amended petition on September 30, 2021 (Amended Petition). (ECF No. 9.) The case was reassigned to District Judge Noel L. Hillman on January 6, 2022. (ECF No. 12.) Judge Hillman reviewed the Amended Petition and ordered respondents to answer petitioner's allegations that the conditions at the Cumberland Jail

during the COVID–19 pandemic amounted to unconstitutional punishment and required petitioner's release. (ECF No. 12 pp. 13, 14.) Judge Hillman summarily dismissed all other claims as being duplicative of petitioner's civil rights complaint and for failure to state a claim for habeas relief. (*Id.* p. 14.) Respondents filed their answer on March 18, 2022. (ECF No. 16.)

On January 18, 2024, petitioner submitted a supplement to the Amended Petition (Supplement). (ECF No. 26.) The Supplement challenged the criminal charges pending against petitioner in Cumberland County and his continued confinement in the Hudson County Jail (Hudson Jail). (*Id.*) Petitioner raised claims of selective prosecution (*Id.* p. 33), due process and *Brady v. Maryland*, 373 U.S. 83 (1963) violations (*id.* p. 35), false arrest and imprisonment (*id.* p. 39), excessive force (*id.* p. 40), supervisory liability of the Vineland Police Department (*id.* p. 41), legal malpractice (*id.* p. 43), municipal liability of the City of Vineland (*id.* p. 48), deliberate indifference (*id.* p. 49), violations of the Sixth and Fourteenth Amendments for transferring him to the Hudson Jail while facing criminal charges in Cumberland County (*id.* p. 51), and state created danger (*id.* p. 54.) He asked the Court to release him from custody, issue "proper & fair fact finding in regard to issues of all indictments," disqualify the assistant prosecutor in his criminal case, and change the venue of his criminal trial to Camden County. (*Id.* p. 8.)

On May 28, 2024, I dismissed the Amended Petition because petitioner had been transferred from the Cumberland Jail to the Hudson Jail, mooting his claims about alleged unconstitutional conditions. (ECF No. 33 p. 4 (citing *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003), *as amended* (May 29, 2003).) I further concluded that the exercise of federal habeas jurisdiction over the Supplement's claims was not appropriate because petitioner did not exhaust his state court remedies. (*Id.* p. 6 (citing *Moore v. De Young*, 515 F.2d 437,

441–42 (3d Cir. 1975)).) Therefore, I dismissed the Supplement without prejudice. (ECF No. 34.)

On June 13, 2024, petitioner submitted his Motion. He argues the Court erred in concluding the Amended Petition was moot. (ECF No. 35 pp. 1, 2.) He states he must be taken to the Cumberland Jail "every time petitioner has to attend an 'in-person' court appearance in the Cumberland County Superior Court of New Jersey." (*Id.* p. 1.) He also argues that his attempts to exhaust his challenges to the criminal proceedings were "futile due to the Superior Court of New Jersey['s] blatant disregard" of his constitutional rights and ineffective assistance of counsel. (*Id.* p. 4.) Respondents oppose the Motion. (ECF No. 37.)

## II. LEGAL STANDARDS

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## III. DISCUSSION

Respondents invite the Court to dismiss the Motion as late under Local Civil Rule 7.1, which requires motions for reconsideration to be filed within 14 days of the relevant judgment. (ECF No. 34 p. 2 (citing L.Civ.R. 7.1(i).) The

3

order of dismissal was entered on May 28, 2024. (ECF No. 34.) A timely motion for reconsideration would have been due June 11, 2024. Petitioner did not submit the Motion for mailing until June 13, 2024. (ECF No. 35 p. 6.); *see also Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner mail is deemed "filed" at the moment of delivery to prison authorities). The Motion is therefore late, and its untimeliness is a sufficient reason to deny it.

In addition to being late, the Motion is meritless because petitioner pleaded guilty on July 22, 2024 to the charges against him. (ECF No. 38 p. 1.) He is now in the New Jersey Department of Correction's custody. (*Id.* p. 3.) Petitioner's conviction and sentence moots his challenge to his pretrial detention. *See Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) ("[Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."); *Williams v. New Jersey*, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020). The Court can grant no further relief pursuant to § 2241 because petitioner is now in custody pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Petitioner must file any challenge to his state conviction under 28 U.S.C. § 2254 after he exhausts all his state court remedies.

I will deny the Motion because it is untimely and petitioner has not shown that there is a need to correct a clear error of law or fact or to prevent manifest injustice. To the extent a certificate of appealability is required, I decline to issue one because reasonable jurists would agree that the petition is moot after petitioner's conviction. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons stated above, I will deny the Motion. (ECF No. 35.) No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

　／s/ Edward S. Kiel　
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: August 12, 2024